IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL RIDDLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-0546-L** |
| | § | |
| **DYNCORP INTERNATIONAL INC.,** | § | |
| **MARK RAY, AIMAN K. ZUREIKAT** | § | |
| **AND RICHARD C. CASHON** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before this court is Defendants DynCorp International Inc., Aiman K. Zureikat and Richard C. Cashon's Motion to Dismiss, filed May 27, 2010. After reviewing the motion, response, reply, and applicable law, the court **grants** Defendant DynCorp International Inc., Aiman K. Zureikat and Richard C. Cashon's Motion to Dismiss.

**I.  Factual and Procedural Background**

Plaintiff Michael Riddle ("Riddle" or "Plaintiff") filed this action against Defendants DynCorp International Inc., Mark Ray, Aiman K. Zureikat and Richard C. Cashon (collectively, "DynCorp" or "Defendants") in this court on March 18, 2010. Plaintiff invoked jurisdiction pursuant to 28 U.S.C. § 1331, showing that the case presented a federal question. Riddle, a former employee of DynCorp, alleges that he was retaliated against when Defendants marginalized and ultimately fired him on September 21, 2009, for expressing concern to his superiors over DynCorp's acceptance of unearned payments from the United States government. DynCorp was allegedly receiving these payments pursuant to a government contract under which no work was actually

**Memorandum Opinion and Order – Page 1**

being done. Riddle now seeks damages under the provision of the False Claims Act that protects whistleblowers from retaliation, 31 U.S.C. § 3730(h).

DynCorp moves to dismiss Riddle's complaint on the grounds that it fails to state a claim upon which relief can be granted because it was untimely filed. DynCorp argues that section 3730(h) actions are governed by the ninety-day state statute of limitations of the Texas Whistleblower Act (the "TWA"), Tex. Gov't Code Ann. § 554.005 (Vernon 2004), and that Riddle's claim is time-barred because it was filed 178 days after the underlying incident. Riddle disagrees and argues that the correct statute of limitations is the two-year, catch-all statute of limitations for personal injury actions pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2001). In the alternative, Riddle argues that the amendment to the False Claims Act contained in the recently passed Dodd-Frank Wall Street Reform and Consumer Protection Act, which creates a three-year statute of limitations for FCA retaliation claims, should apply retroactively to his case.

## II. Legal Standard for DynCorp's Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must

**Memorandum Opinion and Order – Page 2**

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Analysis

At issue in this case is the duration of the statute of limitations. Unlike the other causes of action created by the False Claims Act, section 3730(h) whistleblower retaliation claims are not governed by a six-year statute of limitations. *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 417-18 (2005). Instead, section 3730(h) actions are governed by the statute of limitations for the most analogous state action. *See id.* at 419 n.3. The Court identified statutes in each state that are the most likely candidates for this purpose; and, for Texas, the Court identified both the TWA, § 554.005, and Tex. Civ. Prac. & Rem. Code Ann. § 16.003. *Id.* Both parties agree, and the court concludes, that these two state statutes are the closest on point to the facts of this case and that the controlling statute of limitations is properly derived from one of them.

The statute of limitations is ninety days under the TWA and two years under the personal injury statute. It is undisputed that the date of Riddle's alleged injury was September 21, 2009, and that this action was filed more than ninety days later on May 27, 2010. Therefore, if the court applies the TWA, Riddle's claim is time-barred and, if the court applies the personal injury statute, Riddle's claim is timely. DynCorp argues that the TWA's ninety day statute of limitations controls because the TWA is the state statute protecting government whistleblowers from retaliation and is most analogous to this case because Riddle seeks protection as a whistleblower from retaliation.

Plaintiff disagrees and argues that the correct statute of limitations is two years, based on the catch-all statute of limitations for personal injury suits, Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Riddle contends that the personal injury statute is most analogous because he cannot seek relief under the TWA, as he is not a government worker. He therefore asserts that the TWA is inapplicable to this case.

There is more than one approach to determine which state statute is most analogous. Some courts have held that because the False Claims Act retaliation statute can be used in place of many different causes of action, whistleblowers require more guidance on what is the potential statute of limitations. Under this approach, because courts are faced with the choice between imperfect analogues in the state statutes, the court should prefer the analogue that covers the most possible situations, which is the residuary personal injury statute of limitations. *See, e.g.*, *Campion v. Northeast Utils.*, 598 F. Supp 2d 638, 653 (M.D. Pa. 2009); *McKenna v. Senior Life Mgmt. Inc.*, 429 F. Supp. 2d 695, 697-99 (S.D.N.Y. 2006). A second approach examines how closely the facts of the case match the state cause of action. *See, e.g.*, *United States ex rel. Smart v. Christus Health*, 626 F. Supp. 2d 647, 657-58 (S.D. Tex. 2009), *United States ex rel. Suter v. Nat'l Rehab Partners, Inc.*, No. CV-03-015, 2009 U.S. Dist. LEXIS 88630 (D. Idaho 2009). Under this approach, the statute of limitations is decided on a case by case basis, depending on what facts give rise to the cause of action. The court finds this second approach more persuasive and notes its application by another district court in this circuit. This case, however, does not present the clear choice that the district court faced in *Smart*. There, the court found that a state statute specifically dealing with retaliation against whistleblowers in the health care industry was the best analogy. Here, there is no statute specifically dealing with retaliation against private employees in Riddle's industry.

The TWA provides in relevant part, "[a] state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a). Riddle argues that, because the TWA affords remedies only to state and local government employees, he would have no remedy under the TWA. He therefore contends that the TWA cannot be the most closely analogous state statute to his situation. The court also notes that the TWA limits its remedy for retaliation to those who report the conduct to a government authority, whereas the FCA requires only that the issue be raised with superiors. The district court in *Smart*, however, found this type of argument unavailing. In *Smart*, the health care whistleblower state statute that the court found most closely analogous would not have afforded relief to the plaintiff at the state level. Contrary to Riddle's contentions, that two statutes may provide different types of relief does not necessarily preclude them from being closely analogous.

Although the TWA does not provide a perfect analogy on account of Riddle's status as a private (as opposed to government) employee, it is doubtful that the residuary statute for personal injury better captures the essence of Riddle's claim. Plaintiff principally argues in favor of the personal injury statute of limitations through his contention that an ordinary plaintiff in his position would have no reason to know that his retaliation claim under the FCA would be controlled by the ninety-day statute of limitations under the TWA. He asserts that, because the TWA's procedural requirements are different than the FCA's and because the TWA applies only to government employees, a private employee plaintiff could never anticipate the TWA's application. The court finds this argument unavailing. A private employee plaintiff bringing a retaliation claim for

whistleblowing would have been put on notice that the TWA could apply because the TWA was expressly cited by the Court in *Graham* as one of the two most closely analogous state statutes to the FCA. *Graham*, 545 U.S. at 419 n.3.

Riddle further argues that the two-year statute of limitations under the residuary personal injury statute should apply because it is the same statute of limitations that the Fifth Circuit adopted to govern section 1983 cases. Riddle gives no explanation, however, as to why the court should draw a connection between civil rights actions under section 1983 and whistleblower actions under the FCA. Moreover, the Supreme Court explicitly directed the lower courts to adopt the general or residuary state statute of limitations in section 1983 cases. *Owens v. Okure*, 488 U.S. 235, 250 (1989). The Court gave no such direction for the FCA; in fact, the court explicitly identified an alternative to the residuary statute of limitations—the TWA—as a candidate for the most closely analogous state statute. The court therefore finds no reason to draw the connection that Riddle seeks.

The court determines that, on balance, the TWA is the most closely analogous state statute. The court bases its conclusion on the TWA's protection of *whistleblowers* (though be it at the government level) from retaliation. Riddle's claim makes clear that he is a whistleblower seeking protection from retaliation. The personal injury statute, on the other hand, is broad and not tailored specifically to dealing with whistleblower retaliation claims like the one in this case. The court therefore determines that the TWA most closely reflects the facts of this case, despite its deficiency in limiting relief to government employees, and provides the remedies most similar to those contained in the FCA.

The court now turns its analysis to an Act recently passed by Congress that sets forth a new three-year statute of limitations for section 3730(h) claims. *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203 (2010) (not yet included in the *Statutes at Large* at the time of this writing). This Act is extremely recent, passed in the last month, and accordingly presents an issue of first impression for this court. Riddle argues that the Dodd-Frank Act applies retroactively to Riddle's claim and extends the applicable limitations period on his claim to three years. The court disagrees. Whenever the issue of retroactivity of a statute is raised for pending litigation, the first question the court must resolve is "whether Congress has expressly prescribed the statute's proper reach." *Martin v. Hadix*, 527 U.S. 343, 352 (1999) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994)). As noted by Defendants, the Act explicitly states in Section 4 that it is intended to take effect one day *after* its passage. The court, reading the plain language of the Act, can only conclude that it is *not* retroactive. Even if the court's reading lended itself to ambiguity, the court would apply a presumption that the Act is not retroactive. *See id*. Further, Riddle makes no statements or contentions that would overcome this presumption. Riddle has asked for a stay in this case to further brief the issue of retroactivity, but the court finds that additional briefing on this issue is unnecessary. Such request is accordingly **denied**.

Having reviewed the motion, response, reply, and applicable law, the court concludes that the applicable statute of limitations is ninety days pursuant to the TWA. Because Plaintiff did not file this action until 178 days after the termination of his employment, the court determines that Riddle's False Claims Act claim is untimely. As a matter of law, Riddle has therefore failed to state a claim upon which relief can be granted; DynCorp is entitled to dismissal of Plaintiff's claim.

## IV. Request to Amend

**Memorandum Opinion and Order – Page 8**

Plaintiff has requested leave to amend. Among the reasons that a court may deny leave to amend are undue delay, failure to cure deficiencies by prior amendment, and futility of amendment. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). In this case, the court has found that the TWA is the most closely analogous state statute to the FCA, and for that reason the statute of limitations is ninety days. Plaintiff did not file this action until 178 days after his termination, and his claim is therefore time-barred. Allowing him to amend when his claim is untimely would be futile because there is nothing Plaintiff can do or allege to make his claim timely. The request to amend is therefore **denied**.

### V.     Conclusion

For the reasons stated herein, the court **grants** Defendants DynCorp International, Inc., Aiman K. Zureikat, and Richard C. Cashon's Motion to Dismiss. Riddle's claim for retaliation under the False Claims Act is **dismissed with prejudice**. A judgment will issue by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 19th day of August, 2010.

Sam A. Lindsay
United States District Judge