IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MICHAEL RIDDLE, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-0546-L** |
| DYNCORP INTERNATIONAL INC., MARK RAY, AIMAN K. ZUREIKAT AND RICHARD C. CASHON, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiff's Motion for Reconsideration, filed August 30, 2010, and (2) Plaintiff's Rule 59(e) Motion to Alter or Amend August 19, 2010 Order of Dismissal, filed September 15, 2010. After carefully considering the motions, responses, record, and applicable law, the court **denies as moot** Plaintiff's Motion for Reconsideration and **denies** Plaintiff's Rule 59(e) Motion to Alter or Amend August 19, 2010 Order of Dismissal.

**I.  Background**

Plaintiff Michael Riddle ("Plaintiff"), a former employee of DynCorp International, Inc., was fired by Defendants on September 21, 2009, allegedly because he expressed concern to his superiors that his employer was wrongfully accepting unearned payments from the United States government. Plaintiff sought relief in this court on March 18, 2010, under the provision of the False Claims Act protecting whistleblowers from retaliation, 31 U.S.C. § 3730(h). The court entered judgment in this case on August 19, 2010, after it decided that Plaintiff's claim was time-barred.

Determining the applicable statute of limitations for Plaintiff's claim required the court to discern which of two state statutes was most closely analogous to the claim asserted. One of the statutes was the Texas Whistleblower Act, Tex. Gov't Code Ann. § 544.005 (Vernon 2004) (the "TWA"), which protects government employee whistlebowers and has a ninety-day statute of limitations. The other statute was the catch-all provision for personal injury actions, Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2001), which provides a two-year limitations period for all residual personal injury claims.

The court conducted a lengthy legal analysis and, for the reasons stated in its August 19, 2010 memorandum opinion and order, determined that the TWA's ninety-day statute of limitations applied to Plaintiff's claim. Because Plaintiff admittedly filed this lawsuit more than ninety days after he learned of his injury, the court concluded that his claim was time-barred and that dismissal was appropriate. Plaintiff now asks the court to alter or amend its August 19, 2010 judgment dismissing the claim.

## II.  Legal Standard for a Rule 59(e) Motion

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159

(5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III. Analysis

In his motion to alter or amend judgment,[1] Plaintiff argues that the court should have applied the three-year limitations period of the Dodd-Frank Act[2] instead of the ninety-day limitations period

---

[1] The court notes that Plaintiff filed two motions. It is clear that the second motion was filed out of an abundance of caution to comply with Rule 59(e) of the Federal Rules of Civil Procedure. Both motions, however, advance the same arguments. The court accordingly **denies as moot** the first motion and need only consider the second motion.

[2] As discussed in its August 19, 2010 memorandum opinion and order, the Dodd-Frank Act sets the limitations period of claims advanced under Section 3730(h) of the False Claims Act (such as Plaintiff's in this case) to three years.

**Memorandum Opinion and Order – Page 3**

under the TWA. Plaintiff contends that, because the Dodd-Frank Act (the "Act") was in existence at the time that the court issued its August 19, 2010 memorandum opinion and order, the court should have applied its three-year limitations period to Plaintiff's claim. The Act indeed went into effect on July 22, 2010, approximately one month before the court entered judgment. The Act was not in effect, however, at the time Plaintiff originally filed his complaint against Defendants. While the court appreciates Plaintiff's sentiment, granting his request to apply a limitations period that was not in effect at the time he filed suit would produce a result contrary to Fifth Circuit authority. *See United States v. Flores*, 135 F.3d 1000, 1003 (5th Cir. 1998) ("[W]e normally apply the statute of limitation that was in effect at the time of the filing of the suit.") (basing its analysis on *St. Louis v. Tex. Worker's Compensation Comm'n*, 65 F.3d 43 (5th Cir.1995)).

Plaintiff is essentially inviting the court to craft an equitable remedy or judicial exception to the established general rule of law in order to prevent "manifest injustice." The court declines this invitation to create new law. If such an equitable remedy is warranted, it should be the Fifth Circuit, not the district court, that articulates the appropriate standard. Moreover, Plaintiff's contentions advance an argument different than the one he originally asserted in this case. Before the court entered judgment, Plaintiff asserted that the Dodd-Frank Act's three-year limitations period should apply *retroactively* to his claim. Now, Plaintiff is asserting that retroactive application is unnecessary because the Act was in existence prior to entry of the court's judgment and that its three-year limitations period legally applied to his claim. A Rule 59(e) motion may not be used to relitigate old matters, or raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon*, 891 F.2d at 1159. Further, Plaintiff has produced no evidence that there

has been any change in the controlling law since the court issued its decision and entered judgment on August 19, 2010.

The court accordingly determines that no manifest error of law or fact is present, that no newly discovered evidence has been presented, and that there has been no intervening change in the controlling law. Denial of Plaintiff's motion to alter or amend the judgment is therefore appropriate.

## IV. Conclusion

For the reasons stated herein, the court **denies as moot** Plaintiff's Motion for Reconsideration and **denies** Plaintiff's Rule 59(e) Motion to Alter or Amend August 19, 2010 Order of Dismissal.

**It is so ordered** this 14th day of January, 2011.

                                      Sam A. Lindsay
                                      United States District Judge